IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA S. CANTLEBERRY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 07 CV 05695 |
| PHYSICIAN CARE, LTD., and ALEXANDER NICHOLS, | ) ) ) | Magistrate Judge Keys |
| Defendants, | ) ) ) | |
| ARLINGTON GROUP, LTD. and EDGAR VARGAS, M.D.,S.C., | ) ) ) | |
| Third-Party Defendants. | ) ) | |

## MOTION TO DISMISS

NOW COME the Third-Party Defendants, ARLINGTON GROUP, LTD. and Edgar Vargas, M.D., S.C. (hereinafter "ARLINGTON", "VARGAS", or collectively, "TPD"), by and through their attorney, Joseph M. Williams, and in support of their motion to dismiss Plaintiff's Motion for Joinder or Substitution of Parties pursuant to Fed. R.Civ. P 25(c), state as follows:

1. That 28 USCA §12(b)(2), states as follows:

    (b) <u>How Presented.</u> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion *** (2) lack of personal jurisdiction; ***

2. That Plaintiff, PAULA S. CANTLEBERRY's (hereinafter "PAULA") motion is premised upon Federal Rule 25(c).

3. That the <u>original</u> judgment in this cause was entered on December 18, 2008.

4. That the original judgment was entered subsequent to a full trial on the merits involving PAULA and the original party Defendants.

5. That the TPD had no interest in the medical clinic involved in this cause, until March 5, 2009 (see Paula's motion and memorandum).

6. That TPDs have <u>never</u> been served with either a summons or a complaint.

7. That the law is clear that "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. *Select Creations v. Paliafito America, Inc.*, 852 F.Supp. 740, 764 (E.D. Wis. 1994).

8. That before this Court can acquire jurisdiction over the TPDs, they must be served in a manner authorized by law so that the person can respond in a forum consistent with due process. See *Select*, supra @ pg. 764.

9. That a Rule 25(c) motion must be served in accordance with Rule 25(a), which states:

> The motion ... shall be served on the parties as provided in Rule 5, and upon persons not parties in the manner provided in Rule 4 for the service of summons, and

10. That TPDs have not been served pursuant to Rule 4, as required by law.

11. That the motion must be stricken and/or dismissed as a matter of law.

WHEREFORE, third party Defendants, ARLINGTON GROUP, LTD. and Edgar Vargas, M.D., S.C., pray this Court strike and dismiss Plaintiff, PAULA S. CANTLEBERRY's motion, with prejudice, costs and fees assessed.

Respectfully submitted,

By: /s/ Joseph M. Williams

Joseph M. Williams
Attorney for Third-Party Defendants
810 N. Arlington Heights Road
Itasca, IL 60143
(630) 346-4472
Atty No. 03128789

2