IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMM

| | |
|---|---|
| PAULA S. CANTLEBERRY, ) | |
| ) | |
| Plaintiff/Judgment Creditor, ) | |
| ) | |
| v. ) | Case No. 07 cv 05695 |
| ) | |
| PHYSICIAN CARE LTD. and ) | Magistrate Judge Keys |
| ALEXANDER NICHOLS, ) | |
| ) | |
| Defendants/Judgment Debtors, ) | |
| ) | |
| ARLINGTON GROUP, LTD., EDGAR ) | |
| VARGAS, M.D., S.C., ) | |
| ) | |
| Respondents. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JOINDER OR SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

NOW COMES the Plaintiff/Judgment Creditor, Paula S. Cantleberry, through her attorneys, The Law Offices of Burton A. Brown, and for her Reply in Support of her Motion for Joinder of Substitution of Arlington Group, Ltd. and Edgar Vargas, M.D., S.C.[1] as Parties Pursuant to Fed. R. Civ. P. 25(c) (hereafter, "Motion"), states as follows:

1. Arlington Group filed a response brief on the merits of Plaintiff's Motion for Joinder or Substitution Pursuant to Rule 25(c) on August 16, 2010; this Reply is directed to that Response.

2. Arlington Group cites the wrong rule for successor liability. As set forth in Plaintiff's Memorandum of Law in support of its Motion (hereafter, "Memorandum"), federal courts have developed a doctrine of successor liability specific to the employment discrimination context, based on equitable principles. Arlington Group's citation to *Travis v. Harris Corp.*, 565

---

[1] Collectively, "Arlington Group."

F.2d 443 (7th Cir. 1977) is therefore inapposite, as *Travis* did not involve successor liability in the employment law context. Similarly, *Vernon v. Schuster*, 688 N.E.2d 1172 (Ill. 1997) is inapposite, as it is a state law case, and Plaintiff has specifically relied on *federal* successor liability law, as relating to employment discrimination. Therefore, this Court may summarily dispense with Arlington Group's remaining arguments that Plaintiff lacks a "underlying state-based substantive right" (Resp. at 2) or that there was no "stock transfer" (Resp. at 4), as such claims have nothing to do with the federal courts' test for successor liability in these circumstances.

3. Arlington Group further refers to an "exculpatory clause" in the asset purchase agreement. Resp. at 3. Obviously, this does not bind Mrs. Cantleberry, as she was not a party to the agreement, and in fact had no knowledge of the agreement under long after it was entered into. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). To the extent that Arlington Group may wish to pursue rights of contribution against Dr. Nichols based on this clause, it is free to do so. However, it appears that because Mr. Kanzler knew Dr. Nichols was liquidating 100% of Physician Care's assets in order to retire, the parties may have intended for no recourse to be left for Dr. Nichols' creditors. A Court proceeding in equity should not countenance an exculpatory clause made under such circumstances. In any event, such a clause has no force against a non-party to the contract such as Mrs. Cantleberry.

4. Plaintiff's request for relief in the form of successor liability under these circumstances is hardly "extravagant," as Arlington Group suggests. Resp. at 5. In enforcing successor liability here, the Court would simply be following a long-line of established federal case law, cited in detail in Plaintiff's Motion and Memorandum of Law, that refuses to allow

successors to wipe away prior judgments of their predecessors for employment discrimination when the appropriate three-part test (notice, availability of relief from predecessor, and continuity) has been met.

5. Arlington Group goes on to argue that neither Mr. Kanzler nor Dr. Vargas had adequate "notice" of Mrs. Cantleberry's claim, despite the fact that both of them knew that Mrs. Cantleberry had sued Dr. Nichols for discrimination/harassment. Mr. Kanzler testified that "Dr. Nichols himself told me he was sued." Ex. B to Memorandum at 13. He further stated on oath, in answers to discovery, that he was "Advised by Dr. Nichols of action filed by employee alleging discrimination/harassment." Ex. C to Memorandum. He later attempted to deny that he knew there was a "lawsuit," despite the fact he had already testified that Dr. Nichols told him that he had been sued. Dr. Vargas, for his part, admitted to knowing of the sexual harassment suit, and found it humorous. Ex. E to Memorandum at 28.

6. It is established that successor parties have a duty to inquire into the predecessor's actual and potential liabilities. See Memorandum, pp. 8-9, citing *Musikiwamba*, 760 F.2d at 752; *Vucitech*, 842 F.2d at 945. At the very least, Arlington Group's notice of the Cantleberry claim triggered a duty to investigate, or at least perform some due diligence. However, the successors did nothing.

7. Finally, Arlington Group claims that the continuity of Dr. Vargas between the old and the new entities is not sufficient to satisfy the "continuity" prong of the successor-liability test (Resp. at 5-6), but wholly ignores the continuity of Dr. Koulis between the two, as well as the predecessor's facilities, equipment, patient lists, goodwill, accounts receivable, leases, etc.

8. Arlington Group's request for Rule 11 sanctions (Resp. at 9) is meritless and should be denied.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

A. Granting its Motion for Joinder or Substitution of Parties pursuant to Fed. R. Civ. P. 25(c);

B. Joining or substituting Arlington Group, Ltd. and Edgar Vargas, M.D., S.C. as parties to the case at bar;

C. Finding Arlington Group, Ltd. and Edgar Vargas, M.D., S.C. to be jointly and severally liable as successors of Physician Care, Ltd. for the Amended Judgment awarded to Plaintiff on April 8, 2009 in the amount of $186,900.31[2], plus interest; and

D. Awarding such other relief as the Court deems fit.

Respectfully Submitted,
LAW OFFICES OF BURTON A. BROWN


/s/ Burton A. Brown
One of Plaintiff's Attorneys

Burton A. Brown
Law Offices of Burton A. Brown
205 W. Wacker Dr., Suite 922
Chicago, IL 60606
(312) 236-5582

---

[2] Plaintiff does not seek to impose liability upon the successors for the $35,625 award against Dr. Nichols in his personal capacity. The remaining amount of $186,900.31 consists of $117,958.55 solely against Physician Care, Ltd., and $68,941.76 against Physician Care, Ltd. and Dr. Nichols jointly and severally. See April 8, 2009 Amended Judgment. [#92-93]

4